# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9560 | **DATE** | 3/11/2002 |
| **CASE TITLE** | Marrion Thomas vs. Chicago Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Ms. Thomas' claim to indigence for the purpose of 28 USC §1915 is accepted and her motion to proceed in forma pauperis (8-1) is granted. Plaintiff's motion for appointment of counsel (9-1) is denied. Ms. Thomas' amended complaint is even more incomplete than its predecessor. While the complaint alleges various facts and circumstances, it never actually states a cause of action against the Board of Education. Ms. Thomas' complaint must therefore be summarily dismissed pursuant to the requirements of 28 USC §1915(e)(2)(B).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 1 4 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | /0 |
| | Copy to judge/magistrate judge. | 3/12/2002 date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Marrion Thomas,  )
          Plaintiff,  )
v.  )  Case No. 01 C 9560
  )
Chicago Board of Education,  )
          Defendant.  )

DOCKETED
MAR 14 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Before us is Plaintiff Marrion Thomas' motion to proceed in *forma pauperis* and motion for appointment of counsel. By previous minute order, we denied Ms. Thomas' motions and dismissed her complaint for failure to state a claim. She has now refiled her motions with an amended complaint.

Before granting leave to file in *forma pauperis* under 28 U.S.C. § 1915, we must first determine whether or not a plaintiff's allegation of poverty is untrue. After that determination, we must conduct an initial review of the plaintiff's claims and dismiss the action if we find that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A),(B)(i)-(iii). An affirmative answer to any of these factors requires us to dismiss the action. As to factor (2) (failure to state a claim), we apply the criterion found in Rule 12(b)(6) that dismissal is warranted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Finally, where, as here, a plaintiff is proceeding *pro se*, we have a special responsibility to construe the complaint liberally. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Indeed, it is the "well-established duty of the trial court to ensure that the claims of a pro se litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987) (citations omitted).

Ms. Thomas attests that she is not currently employed. Prior to that, she was employed as a parent volunteer at Farragut High School. Her Amended Complaint states that she was sometimes paid for this position, but never more than $7.50 per hour and never more than 4 hours per day. While her application is unclear about her other sources of income, it appears that she received approximately

/0

$300.00 a month from other sources and $89.00 in food stamps. She has no dependents but contributes to the support of three grandchildren.

Based on these facts, Ms. Thomas' claim to indigence for the purpose of 28 U.S.C. § 1915 is accepted as true and her motion to proceed in forma pauperis is granted.

Ms. Thomas has also filed a motion for appointment of counsel. In our last order denying her motion, we instructed that Ms. Thomas should file statements from at least several attorneys attesting that they will not represent her on a contingency basis. Ordinarily, plaintiffs in an employment discrimination case are able to find attorneys to represent them on a contingency basis, thereby obviating the need to provide any cash. Ms. Thomas, however, has not documented an inability to find such representation. Her motion for appointment of counsel is therefore denied.

Ms. Thomas' amended complaint, however, is even more incomplete than its predecessor. While the complaint alleges various facts and circumstances, it never actually states a cause of action against the Board of Education. Even giving the complaint a very liberal interpretation (as is required for a pro *se* litigant) it is possible to only guess at what claims Ms. Thomas is making against the Board. This is contrary to the Federal Rules of Civil Procedure which require, at the very least, that a pleading contain sufficient facts to allow the defendants to understand the gravamen of the complaint. Payton *v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir.1999). Ms .Thomas' complaint must therefore be summarily dismissed pursuant to the requirements of 28 U.S.C. § 1915(e)(2)(B).

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 3/11/02